E-FILED
Friday, 08 May, 2020  04:44:06 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 14-cr-30038** |
| | ) | |
| **RONALD L. COLLINS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Ronald L. Collins' amended

Motion for Compassionate Release (d/e 47) requesting a reduction

in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A).

For the reasons set forth below, the motion is DENIED.

### I. BACKGROUND

On January 12, 2015, Defendant pleaded guilty to one count

of receipt of child pornography in violation of 18 U.S.C. §§

2252(a)(2)(A) and (B) and (b)(1).  On May 11, 2015, the undersigned

District Judge accepted the parties' plea agreement which was

entered into pursuant to Federal Rule of Criminal Procedure

11(c)(1)(C) and sentenced Defendant to 300 months' imprisonment

and a lifetime term of supervised release.  Defendant is currently

serving his sentence at FCI Fort Dix in Fort Dix, New Jersey, and

has a projected release date of September 1, 2035.

On April 28, 2020, Defendant filed a pro se motion for

compassionate release (d/e 44) pursuant to 18 U.S.C. §

3582(c)(1)(A).  On May 4, 2020, Defendant filed an amended motion

for compassionate release (d/e 47).  Defendant requests

compassionate release due to his health issues and the COVID-19

pandemic.  Defendant is 61 years old, has been diagnosed with

asthma and high blood pressure, and has a history of coronary

artery disease.

Defendant proposes to live with his son if he is released from

custody.  The United States Probation Office, in a Memorandum

(d/e 48) addressing Defendant's request for compassionate release,

concludes that Defendant's son's home is not a suitable residence

for Defendant.  Probation based this conclusion on the fact that the

residence is a studio apartment, which is not large enough to

accommodate Defendant, and because Defendant's son's landlord

will not allow Defendant to reside there.

On May 7, 2020, the Government filed a Response Opposing

Defendant's Motion for Compassionate Release (d/e 49).  The

Government argues that the Court should deny Defendant's

compassionate release motion given Defendant's criminal history

and Probation's refusal to approve his proposed residence upon

release.  The Government also notes that the Bureau of Prisons

(BOP) has implemented procedures designed to curb the spread of

the virus in its facilities.

On May 8, 2020, the Court held a video conference hearing on

Defendant's amended motion.  Defendant appeared by telephone

from FCI Fort Dix.  As of May 8, 2020, BOP reports that FCI Fort

Dix has thirty-one confirmed inmate cases of COVID-19 and one

confirmed staff member case one confirmed case of COVID-19.  See

Federal Bureau of Prisons – COVID-19 Cases,

https://www.bop.gov/coronavirus/ (last accessed May 8, 2020).

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from

modifying a term of imprisonment once it has been imposed.  See

18 U.S.C. § 3582(c).  However, several statutory exceptions exist,

one of which allows the Court to grant a defendant compassionate

release if certain requirements are met.  See 18 U.S.C. §

3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A).  See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194.  Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief.  With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting thirty days from when the inmate made his or her request, whichever is earlier.  The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a

reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Having considered the relevant factors set forth in 18 U.S.C. § 3553(a) the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in his term of imprisonment.

The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons.  Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene and social distancing and isolation.  Socially distancing can be difficult for individuals living or working in a prison.  Further, Defendant has been diagnosed with underlying medical conditions that may increase the serious risks that COVID-19 presents for Defendant. See Interim Clinical Guidance for Management of Patients with Confirmed Coronavirus Disease, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-guidance-management-patients.html (last

accessed April 24, 2020).

However, the COVID-19 pandemic does not warrant the release of every federal prisoner with health conditions that makes him more susceptible to the disease.  The Court recognizes that there are many confirmed case of COVID-19 at FCI Fort Dix, the facility where Defendant is housed.  According to the Government, however, BOP has implemented rigorous procedures designed to mitigate the spread of the virus in its facilities.

Further, Defendant has over fifteen years left on his sentence for receiept of child pornography.  Defendant not only possessed videos and photographs depicting child pornography, he personally exploited a minor female by persuading her to produce sexually explicit photographs and videos.  Defendant was also previously convicted of the Aggravated Criminal Sexual Abuse of a different minor female.

Finally, Defendant has not proposed an adequate release plan. Based on Probation's Memorandum, Defendant would not have any place to reside were he to be immediately released from custody.

The Court, taking all the relevant facts into account, finds that Defendant has not established that there exist extraordinary and

compelling reasons that warrant a reduction in his term of imprisonment.

### III. CONCLUSION

For the reasons set forth above, Defendant Ronald L. Collins' amended Motion for Compassionate Release (d/e 47) and Defendant's pro se Motion for Compassionate Release (d/e 44) are DENIED.  This ruling does not preclude Defendant from filing another motion for compassionate release in the future if circumstances change.

As ordered at the hearing on Defendant's Motion for Compassionate Release, Defendant is directed to file with the Court a copy of any request for reduction in sentence submitted to the warden of FCI Fort Dix, as well as a copy of any denial of such a request by the Bureau of Prisons.


ENTER:  May 8, 2020

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE