IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-cr-30038 |
| ) | |
| **RONALD L. COLLINS,** ) | |
| ) | |
| Defendant. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Ronald L. Collins' Second Motion for Compassionate Release (d/e 57) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motion is DENIED.

## I. BACKGROUND

On January 12, 2015, Defendant pleaded guilty to one count of receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2)(A) and (B) and (b)(1).  Minute Entry, Jan. 12, 2015; Plea Agreement, d/e 15.  On May 11, 2015, the undersigned District Judge accepted the parties' plea agreement which was entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) and

sentenced Defendant to 300 months' imprisonment and a lifetime term of supervised release.  Minute Entry, May 11, 2015; Judgment, d/e 28.

Defendant is currently serving his sentence at FCI Fort Dix in Fort Dix, New Jersey, and has a projected release date of September 1, 2035.  See Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last accessed January 23, 2021).  As of January 23, 2021, BOP reports that FCI Fort Dix has seventy-three confirmed inmate cases of COVID-19 and thirty-one confirmed staff member cases of COVID-19.  See Federal Bureau of Prisons – COVID-19 Cases, https://www.bop.gov/coronavirus/ (last accessed January 23, 2021).

The Court denied Defendant's first motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) on May 8, 2020.  See Opinion, d/e 51.  On December 18, 2020, Defendant filed a second pro se motion for compassionate release.  d/e 52. On January 12, 2021, following appointment of the Federal Public Defender's Office to represent Defendant, Defendant filed the amended Second Motion for Compassionate Release now before the Court.  Defendant requests compassionate release due to his health issues

and the COVID-19 pandemic. Defendant is 61 years old and has a history of heart failure and coronary artery disease. Second Mot. for Compassionate Release 2-3.

Defendant proposes to live with his daughter and her family if he is released from custody. Id. at 4. The United States Probation Office, in a Memorandum, d/e 58, addressing Defendant's request for compassionate release, concludes that Defendant's daughter's home is not a suitable residence for Defendant. Mem. 2. Probation based this conclusion on the fact that Defendant's daughter's two minor children also live in the home. Id. Additionally, Defendant's daughter is currently delinquent in her rent, which the Probation Office notes makes it unlikely that the proposed release plan will provide Defendant with financial support or stability. Id.

On January 15, 2021, the Government filed a Response Opposing Defendant's Motion for Compassionate Release (d/e 59). The Government argues that Defendant has failed to fulfill § 3582(c)(1)(A)'s exhaustion requirement and that this requirement is a mandatory claim-processing rule that cannot be waived by the Court. Resp. 3-4. The Government argues that if the Court should consider the merits of Defendant's motion, the Court should the

motion based on Defendant's criminal history and Probation's refusal to approve his proposed residence upon release. Id. at 9-11.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194. Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief. With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting thirty days from when the inmate made his or her request, whichever is earlier. The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The Government has timely objected to Defendant's compassionate release request on the grounds that Defendant has failed to exhaust his administrative remedies. See Resp. 4-5. The Government states that Defendant only made a request to the warden of FCI Fort Dix for early release to home confinement under the Coronavirus Aid, Relief, and Economic Security (CARES) Act. Id. The Government argues that a request for early release to home confinement under the CARES Act does not satisfy the compassionate release statute's exhaustion requirement. Id. Thus,

before the Court can consider the extraordinary and compelling reasons for release advanced by Defendant, or the application of the 18 U.S.C. § 3553(a) factors, the Court must decide the threshold issue of whether Defendant has satisfied the statutory exhaustion requirement.  Cf. United States v. Gunn, No. 20-1959, 2020 WL 6813995, at *1 (7th Cir. Nov. 20, 2020) (classifying exhaustion requirement as "affirmative defense" rather than jurisdictional requirement).

    The requirement to exhaust administrative remedies before seeking relief from the courts serves to protect administrative agency authority and promote efficiency.  See Woodford v. Ngo, 548 U.S. 81, 89 (2006).  "And since agency decisions are frequently of a discretionary nature or frequently require expertise, the agency should be given the first chance to exercise that discretion or to apply that expertise."  McKart v. United States, 395 U.S. 185, 194 (1969).  One purpose of the exhaustion requirement is to ensure that the Bureau of Prisons has an opportunity to "articulate [its] decision and rationale" vis-à-vis a particular request for compassionate release, thus giving the district court the benefit of BOP's input.  Gunn, 2020 WL 6813995, at *2.  The Seventh Circuit

has made it clear that district courts are "expect[ed] . . . to give [BOP]'s analysis substantial weight." Id.

**A. Defendant's Request to BOP for Early Release to Home Confinement Under the CARES Act Does Not Satisfy the Exhaustion Requirement in 18 U.S.C. § 3582(c)(1)(A).**

Defendant's amended Second Motion for Compassionate Release does not address exhaustion. According to Defendant's second pro se motion for compassionate release, however, on April 7, 2020, Defendant "filed with the Warden an application for Home Confinement, in accordance with Bureau of Prisons Program Statement 5050.50, Compassionate Release/Reduction in Sentence, 18 U.S.C. § 3582(c)(1)(A), and the CARES Act of 2020." Second Pro Se Mot. Compassionate Release 13. Defendant has attached the request (which is dated April 5, 2020) to his second pro se motion. See id. Ex. B. In the April 5, 2020 request to the warden, Defendant states that he is submitting a "Request for Transfer to Home Confinement . . . under the recently signed . . . CARES Act." Id. The April 5, 2020 request does not refer to compassionate release or 18 U.S.C. § 3582(c)(1)(A). Id.

Defendant's request that the warden of his facility consider Defendant for early release to home confinement does not satisfy

the exhaustion requirement in the compassionate release statute because the nature of the relief requested is fundamentally different, as are the criteria applied to evaluate each request. In this case, BOP has not yet had a chance to "articulate [its] decision and rationale" concerning a request for compassionate release. See Gunn, 2020 WL 6813995, at *2.

The CARES Act expands the powers of the Attorney General and the Director of the Bureau of Prisons—not the courts—to expand placement in home confinement. See Pub. L. No. 116-136, 134 Stat. 516 (CARES Act § 12003(b)(2)). A release to home confinement under the CARES Act only changes the location where a defendant serves a term of imprisonment from a BOP facility to the defendant's residence. A defendant released to home confinement in this manner continues to serve a custodial sentence and continues to remain in the custody of BOP. The Bureau of Prisons alone has the statutory authority to designate a defendant's place of imprisonment, including placement in home confinement. See 18 U.S.C. §§ 3621(b), 3624(c)(2). Compassionate release, on the other hand, allows a court to "reduce the term of imprisonment" to time served, resulting in the release of a defendant from BOP

custody.  See 18 U.S.C. § 3582(c)(1)(A).

Here, Defendant requested that the warden of his facility "release [Defendant] to home confinement for the remainder of [Defendant's] sentence."  Second Pro Se Mot. Compassionate Release, Ex. B.  The request, titled as a "Request for Transfer to Home Confinement Pursuant to the Coronavirus Aid, Relief, and Economic Security Act of 2020 (the CARES Act)" states only that the request is based on the CARES Act and does not address compassionate release or a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).  See id.  A BOP "Inmate Request to Staff" form submitted as part of the exhibit to Defendant's second pro se motion shows that the request was denied on April 21, 2020 due to the nature of Defendant's offense.  Id.

A request for early release to home confinement under the CARES Act is guided by two memoranda issued by then Attorney General William Barr on March 26, 2020, and April 3, 2020.  See Am. Mot. Compassionate Release 4.  In the March 26, 2020, memorandum, the Attorney General directed BOP to "consider the totality of circumstances for each individual inmate, the statutory requirements for home confinement" and a "non-exhaustive list of

discretionary factors" when evaluating a request for early release to home confinement.  See Barr Memo, "Prioritization of Home Confinement As Appropriate in Response to COVID-19 Pandemic," Mar. 26, 2020, available at https://www.bop.gov/coronavirus/docs/bop_memo_home_confinement.pdf.  Among the discretionary factors to be considered are the age and vulnerability of an inmate to COVID-19, the security level of the facility currently housing the inmate, the inmate's conduct while in custody, the inmate's PATTERN score, the suitability of the inmate's release plan, the inmate's crime of conviction, and an assessment of the danger posed to the community by the inmate. Id.

When evaluating a request for compassionate release, a court must consider whether "extraordinary and compelling reasons warrant . . . a reduction" in a term of imprisonment and whether such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A). Even if extraordinary and compelling circumstances warranting a reduction in a defendant's sentence exist, a court must then "consider[ ] the factors set forth in section 3553(a) to the extent that

they are applicable" in order to determine if a sentence reduction is appropriate under the particular circumstances of the case.  18 U.S.C. § 3852(c)(1)(A).

This Court has recently held that a defendant has exhausted when a compassionate release motion merely updates the 'extraordinary and compelling reasons' advanced in an initial administrative request for compassionate release to reflect the danger posed by the COVID-19 pandemic.  See United States v. McIntosh, No. 05-CR-30096, 2020 WL 7312176, at *4 (C.D. Ill. Dec. 11, 2020), opinion vacated on other grounds on reconsideration, United States v. McIntosh, No. 05-CR-30096, 2021 WL 51428 (C.D. Ill. Jan. 6, 2021).  In that situation, however, the request made to BOP for compassionate release (not a request for early release to home confinement) is the same request made to the Court, and the reasons for the request are substantially similar, as are the relief requested and the factors to be considered.

In this case, though, both the statutory requirements to be considered in evaluating a request for either early release to home confinement under the CARES Act or compassionate release under 18 U.S.C. § 3582(c)(1)(A) are different, as is the nature of the relief

requested. When a defendant makes only a request for home confinement before filing a motion for compassionate release with the Court, BOP has not even had an opportunity to first consider a request for compassionate release, much less articulate its decision and rationale for denying such a request. For these reasons, the Court finds that Defendant has not exhausted his administrative remedies by first submitting the request to BOP in order to allow BOP the initial opportunity to exercise its discretion or apply its expertise in considering the request.

**B. Even if the Court Were to Consider Defendant's Amended Second Motion for Compassionate Release on the Merits, the Court Would Deny the Motion.**

For largely the same reasons that the Court denied Defendant's first motion for compassionate release, even if the Court were to consider the merits of Defendant's amended Second Motion for Compassionate Release, the Court would deny the motion because the same concerns the Court noted in its Opinion denying the first motion are still present. Defendant still has nearly fifteen years remaining to serve on his sentence for receipt of child pornography. In committing the offense for which he is currently imprisoned, Defendant not only possessed videos and photographs

depicting child pornography, he also personally exploited a minor female by persuading her to produce sexually explicit photographs and videos. Additionally, Defendant was also previously convicted of the Aggravated Criminal Sexual Abuse of a different minor female. For these reasons, and considering the factors set out at 18 U.S.C. § 3553(a)—specifically the nature and circumstances of the offense and the need to protect the public from further crimes of the Defendant—the Court finds that Defendant continues to present a danger to the community.

Furthermore, while the Court acknowledges the severity of Defendant's health conditions and the COVID-19 outbreak at FCI Fort Dix, Defendant tested positive for COVID-19 on or about October 29, 2020. See BOP Medical Records at Page ID 18, d/e 55-2. In a note documenting an encounter on November 19, 2020, Defendant reported no shortness of breath, chest pain, or cough, that he no longer felt dizzy or tired, and that overall "he feels that he is back to his normal usual state of health." Id. at Page ID 18. In subsequent evaluations conducted on November 20 and 24, 2020, Defendant denied any new symptoms. Id. at Page ID 11, 14. While this Court has previously recognized the risk that COVID-19

reinfection may pose for some inmates, Defendant appears to have suffered no residual effects from his infection.

Finally, Defendant still has not proposed an adequate release plan. Based on Probation's Memorandum, Defendant would not have a suitable residence were he to be immediately released from custody.

### III. CONCLUSION

For the reasons set forth above, Defendant Ronald L. Collins' amended Second Motion for Compassionate Release (d/e 57) and Defendant's pro se Second Motion for Compassionate Release (d/e 52) are DENIED.

**ENTER: January 24, 2021**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**