# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 14-CR-30038 |
| ) | |
| **RONALD COLLINS,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Ronald Collins' Motion for Compassionate Release (d/e 70), in which Defendant requests a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). Considering the sentencing factors in 18 U.S.C. § 3553(a) and §1B1.13 in the sentencing guidelines, Defendant has not shown that such a reduction is warranted. Therefore, Defendant's Motion (d/e 70) is DENIED.

## BACKGROUND

On September 10, 2014, a four-count indictment was filed against the Defendant. The four counts charged Defendant with: (1) Sexual Exploitation of a Minor, (2) Receipt of Child Pornography, (3)

Possession of Child Pornography, and (4) Penalties for Registered Sex Offenders. (d/e 1). On January 12, 2015, the Defendant pleaded guilty to Receipt of Child Pornography pursuant to a written plea agreement under Rule 11(c)(1)(C). (d/e 15, January 12, 2015). Pursuant to the plea agreement, the Defendant agreed to a sentence in this matter of 300 months' imprisonment followed by a lifetime term of supervised release.

This Court accepted Defendant's plea on February 3, 2015, and sentenced him to said agreed upon sentence on May 11, 2015. (d/e 28). Defendant is currently serving his sentence at FCI Fort Dix in Fort Dix, New Jersey and has a projected release date of September 1, 2035.

Defendant has previously filed four motions for compassionate release. The first, filed in April 2020, which the Court denied on the merits, found Defendant did not establish extraordinary and compelling reasons to warrant a reduction in his term of imprisonment. (d/e 51). Thereafter, Defendant filed a second motion for compassionate release in December 2020, a third in March 2021 and a fourth in September 2024. (d/e 52, 57, 61, 68). Each of these motions were denied or withdrawn due to Defendant's failure to

exhaust his administrative remedies. (d/e 60; March 19, 2021 Minute Entry; September 19, 2024 Text Order).

On March 27, 2025, Defendant filed the pending pro se motion for compassionate release pursuant to 18 U.S.C. 3582 (c)(1)(A). Defendant requests compassionate release due to his age, medical issues, "deliberate indifference" by Bureau of Prisons ("BOP") medical staff, and rehabilitation. (d/e 70).

On April 24, 2025, the Government filed a Response in opposition to Defendant's motion. (d/e 72). The Government argues this Court should deny Defendant's fifth motion for compassionate release given Defendant's criminal history, his danger to the community, and his lack of extraordinary and compelling reasons to justify his release.

## LEGAL STANDARD

A Court is generally statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A), allows an inmate to file a motion for compassionate release with the Court after exhausting certain administrative remedies. The statute provides:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). "Only after finding an extraordinary and compelling reason for release need the [Court], as part of 'exercising the discretion conferred by the compassionate release statute, . . . consider any applicable sentencing factors in § 3553(a).'" United

States v. Ugbah, 4 F.4th 595, 597 (7th Cir. 2021) (quoting United States v. Thacker, 4 F.4th 569, 576 (7th Cir. 2021)).

Having considered the relevant factors set forth in 18 U.S.C. § 3582(c)(1)(A), the Court concludes that Defendant has not established that any extraordinary and compelling reasons to warrant a reduction in his term of imprisonment.

## ANALYSIS

As an initial matter, the parties do not dispute that Defendant properly exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A). Specifically, Defendant made a request on October 9, 2024, to the warden of the facility where Defendant is currently housed. (d/e 70, 72). This request to the warden went unanswered according to the Defendant.

Nonetheless, a defendant may bring a motion for compassionate release after "fully exhausting all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, which is earlier." 18 U.S.C. § 3582(c)(1)(A). Defendant made his request on October 9,

2024, and did not file his motion until March 27, 2025, well after the 30-day window.

Given the Government's concession that the Defendant exhausted his administrative remedies, the Court will discuss the merits of Defendant's motion, specifically, whether Defendant has presented extraordinary and compelling reasons warranting compassionate release and a reduction in sentence.

**A. Defendant's Age and Medical Conditions are not extraordinary and compelling reasons warranting compassionate release.**

Defendant is currently 66 years old and asserts he is "experiencing serious deterioration in his physical health." (d/e 70). Defendant lists multiple health issues, including: multivessel coronary artery disease, chronic obstructive pulmonary disease, "unstable angina", hyperlipidemia, high blood pressure, gastroesophageal reflux disease (GERD), kidney stones, asthma, an enlarged prostate, and cataract issues in both eyes.

An individual's age can only be an extraordinary and compelling reason if an individual is age 65 or older. U.S.S.G §1B1.13(b)(2). Additionally, the utilization of a defendant's age may be taken into

account, only when two other conditions are also present. These two conditions are a serious deterioration in physical or mental health because of the aging process and having served at least 10 years or 75 percent of the term of imprisonment, whichever is less. *Id.*

Defendant has not served over 75 percent of his sentence of 300 months. Defendant has served over 10 years and has approximately 10 years and 6 months remaining. The Government acknowledges that the Defendant is 66 years old. However, the Government argues Defendant has failed to meet part B of § 1B1.13(b)(2), requiring a serious deterioration in physical or mental health. This deficiency, the Government argues; is sufficient to bar Defendant's requested relief. This Court agrees.

Although Defendant has provided a long list of diagnoses, he does not explain how any constitute a serious deterioration in his physical health. With age comes a general deterioration in any individual's physical health, but the statute is clear that any deterioration must indeed be serious.

The Court has reviewed Defendant's medical records and notes that despite the conditions Defendant is suffering, he is receiving consistent medical care to treat these issues. Further, Defendant

does not provide evidence that any of his conditions have caused severe illness or caused serious impairment requiring specialized care. Defendant, while aging, is suffering from general illnesses that are readily treatable and are being treated. This is true, even given his needed cataract surgery in one eye and the similarly planned future surgery in the other eye. Defendant has not shown any deterioration in his condition which could be described as extraordinary or compelling to warrant a reduction of the 10 years remaining on his sentence.

To the extent Defendant believes any of his treatment rises to the level of deliberate indifference, and, therefore, a constitutional violation, Section 1983 allows an individual in custody a remedy for such actions.

**B. Defendant's Rehabilitation is not an extraordinary or compelling reason warranting compassionate release.**

Pursuant to 28 U.S.C. §994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for compassionate release. U.S.S.G. §1B1.13(d). Instead, rehabilitation may be considered in combination with other circumstances in determining whether a sentence reduction is warranted. Id.

Although Defendant argues that he has been rehabilitated, he does not provide much in the way of evidence to reflect this change. Defendant argues that he has completed 19 academic courses, has not had any disciplinary infractions, has remained consistently employed since arriving at Fort Dix, and has a minimum custody classification level. Further, Defendant argues that he has a "non-violent crime and zero criminal history." (d/e 70, p. 12).

However, this Court notes Defendant's assertions underlying his rehabilitation argument are not accurate as to his criminal history. Defendant has been convicted of possession of child pornography in the instant case and has a prior conviction of aggravated criminal sexual abuse of a 12-year-old minor female. (d/e 23, ¶ 16, 29). This information was specifically noted in his Revised Presentence Report and the pattern of sexual exploitation resulted in increased offense level points. Defendant's assertions regarding rehabilitation are not as compelling when Defendant fails to acknowledge his prior criminal history and his prior minor victims. However, as stated earlier, the Defendant's rehabilitation is not a dispositive factor in a compassionate release motion but may be taken into account in conjunction with other factors.

**C. Application of the Section 3553(a) Factors do not Warrant an Early Release.**

Lastly, Defendant argues that a review of Sections 3553(a) factors weighs in favor of an immediate reduction in Defendant's sentence. This Court disagrees and finds the history and characteristics of the Defendant, the potential danger to the community, and the serious nature of the underlying conviction do not warrant an early release.

Defendant and the Government agreed to a 300-month sentence and a lifetime of supervised release. Defendant now seeks to amend that sentence to time served and 5 years of supervised release. (d/e 70, p. 18). Although Defendant is incarcerated for one count of child pornography, Defendant obtained these images through his relationship with a 14-year-old minor victim. (d/e 23). Specifically, the minor victim in this case admitted she and the Defendant were in a relationship and exchanged sexually explicit images on multiple occasions. *Id.*

Prior to the charge Defendant is currently incarcerated for, Defendant was convicted in 1990 for Aggravated Criminal Sexual Abuse. (d/e 23, ¶ 16). This charge again involved Defendant engaging

in sexual acts with a minor female, in that instance, 12 years old. Thereafter, Defendant was required to register as a sex offender. This prior conviction is especially concerning given its similarity to the offense conduct in this case.

Defendant committed similar crimes almost 24 years apart. The protection of the individuals in this community weighs heavily against a reduction in Defendant's term of imprisonment. This is especially true given the vulnerable nature of Defendant's past minor victims.

To reduce Defendant's sentence would indeed create a disparity for those like Defendant, who have engaged in a pattern of activity involving the sexual abuse or exploitation of a minor. Although Defendant was previously incarcerated for 18 months in his 1990 case, this term of imprisonment served as no deterrent to him in 2014.

After a review of all the information set forth in Defendant's Motion for Compassionate Release, the Court finds that Defendant has not demonstrated compelling or extraordinary reasons for release. Defendant argues he is rehabilitated, but that is simply not enough.

Defendant further argues he has a collection of medical diseases or disorders but has not shown severe deterioration or physical impairment. Additionally, the 3553(a) factors in the Sentencing Guidelines do not weigh in Defendant's favor based on his history and characteristics and the nature and circumstances of the offense for which he is incarcerated.

The Court, therefore, finds that a reduced sentence in this case, decreasing Defendant's term of incarceration by over 10 years, would not sufficiently "protect the public from further crimes of the defendant." See 18 U.S.C. § 3553(a). The Court also finds that a reduced sentence would not "promote respect for the law," or "provide just punishment for the offense." Id. Lastly, a reduced sentence would not provide adequate deterrence to criminal conduct like Defendant's, which targeted society's most vulnerable over the last 35 years.

## CONCLUSION

For the reasons set forth above, Defendant Ronald Collins' Motion for Compassionate Release (d/e 70) is DENIED.

**IT IS SO ORDERED.**
**ENTERED:   May 2, 2025**
**FOR THE COURT:**

/s/ Sue E. Myerscough
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**